IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CASE NO. 1:CR-07-153-03
:
:
**v.** :
:
:
**JOSEPH JAMENE MOORE** :

# M E M O R A N D U M

## I. Introduction

Before the court is Defendant Joseph Jamene Moore's motion to vacate a judgment of conviction pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel. The motion has been briefed[1] and is ripe for disposition. The procedural history and background facts are adequately set forth in the Government's brief in opposition (doc. 287) and will not be repeated herein.

## II. Discussion

### A. Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691 (1984). "Both

---

[1] Moore's reply brief is untimely. The brief was due September 23, 2011. Using the prison mail box rule, the brief was postmarked September 28, 2011 – five days late. Nonetheless, the court will consider the reply brief as filed.

*Strickland* prongs must be satisfied." *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001) (citing *United States v. Nino*, 878 F.2d 101, 104 (3d Cir. 1989).

The first *Strickland* prong requires a defendant to "establish . . . that counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001.) Proving a deficiency in conduct "requires showing that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 687) (internal quotations omitted). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.' " *Id.* "That is to say, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quoting *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting *Strickland*, 466 U.S. at 689)). It is well settled that the benchmark for judging any claim of ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The second prong of *Strickland* requires a defendant to show that counsel's performance unfairly prejudiced the defendant, meaning that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable. *Id.* It is not enough to show that the error had some conceivable effect on the outcome of the proceeding, for virtually every act or omission would meet such a test. *Id.* Rather, the defendant must show there is a *reasonable probability* that, but for counsel's unprofessional error, the result of the proceeding would have been

different. *Id.* at 694. A reasonable probability is sufficient to undermine confidence in the outcome of the trial. *Id.* Effectiveness of counsel applies to advice given by counsel during guilty plea discussions. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *United States v. Booth*, 432 F.3d 542, 547 (3d Cir. 2005).

### B. Moore's Claims

Moore alleges that the Government had exculpatory documents in its possession which it failed to turn over to him pretrial and that counsel was ineffective by not seeking a new trial when this document came into Moore's possession. The document in question is a DEA-6 memorandum which contains a paragraph summarizing an interview with a confidential informant who had contact with Moore's co-defendant, Carlton Easter. Carlton Easter is reported to have told the confidential informant the following:

> Joe Moore was with Carlton Easter and Jamel Easter during the deal, but was just there as a "prop." . . . Moore knew what was going on but was not part of the actual deal. . . . Moore sold crack cocaine for Carlton Easter and was also on the "Harrisburg Guns and Drug Video." . . . Victor Patterson, Jr., was at the deal for protection and had a firearm. . . . [T]he deal was set up by Jamel Easter with a "guy from Philly," and the money belonged to Carlson Easter.

(Doc. 281, Attachment A.)

Moore claims this information is *Brady* material and failure to turn this over is a violation of his due process rights pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). The Government notes that to constitute a *Brady* violation, this evidence must be exculpatory, (doc. 287 at p. 6), and states that the DEA 6 memorandum is not exculpatory but, in fact, corresponds to the Government's theory of the case. That theory is that Moore, an occupant in the car when the drug transaction occurred,

3

was an aider and abettor in the transaction. (Doc. 287 at p. 6.) In fact, in its opinion addressing Moore's direct appeal, the Third Circuit Court of Appeals stated that "Moore's role furthering the goal of the conspiracy was active not passive and it is clear that the evidence supported his conspiracy conviction." (Slip op. 09-2526, March 9, 2010, doc. 257.) The exculpatory evidence must be of such quality that it "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles v. Whitley*, 514 U.S. 419, 435 (1995).

In addition, Moore claims that his attorney was ineffective for failing to file a motion to sever this case from Carlton Easter so that he could have had the opportunity to call Carlton Easter as a witness. The Government responded to this argument as follows:

> [T]he government would have opposed any such motion to sever. Even if Moore were to have successfully severed his case from Carlton Easter's, Carlton Easter would still have had his Fifth Amendment right to remain silent at Moore's trial. Considering that Carlton Easter's defense at trial was that he was completely innocent of these offenses, it is unlikely that Carlton Easter would have consented to waive this right and testify under oath at a separate proceeding that he was guilty. Thus, Moore's claim that his trial would have been different if they had this information is without merit.

(Doc. 287 at p. 9.) This court agrees with the Government and adopts its reasoning.

Moore further argues that if a new trial were granted, Carlton Easter would testify in accordance with the affirmation attached to Doc. 281 as Exhibit B, which states, in part: "Joseph had no knowledge of why we were meeting the informant . . . ." This affirmation was dated April 27, 2011. By that time, Carlton Easter had been sentenced and that sentence had been affirmed by the Third Circuit Court of Appeals.

4

The affirmation conflicts with the DEA 6 memorandum dated September 27, 2007, which states that "Moore knew what was going on, but was not part of the actual deal." Thus, at a new trial, Carlton Easter could be impeached by the confidential informant's statement of his conversation with Carlton Easter at an earlier point in time.

**III.     Conclusion**

The evidence set forth in the DEA 6 memorandum supports the Government's theory as to Moore's part in the drug conspiracy and is not exculpatory. The failure of counsel to seek a severance at trial is a non-issue because a severance may not have been granted by the court and the in light of the likelihood Carlton Easter would not give up his Fifth Amendment rights and not testify at a separate trial of Moore. If Carlton Easter were to testify at a new trial for Moore in accordance with Carlton Easter's affirmation of April 27, 2011, such testimony would likely be impeached. Thus, Moore's arguments do not amount to a reasonable probability that a different result would have been achieved at a new trial.

This court does not find that a hearing on this motion is required. Moore's arguments are based on speculation and do not meet the standard of reasonable probability that "but for" the error, there might have been a different result. *Strickland*, 466 U.S. at 694. Consequently, this court finds that counsel was not incompetent. An appropriate order will be issued.

s/Sylvia H. Rambo<br>United States District Judge

Dated: October 27, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CASE NO. 1:CR-07-153-03
:
**v.** :
:
**JOSEPH JAMENE MOORE** :

## **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2255 is dismissed without a hearing.

2) Any appeal from this order will be deemed frivolous and not taken in good faith.

3) The Clerk of Court shall close the file.

                                          s/Sylvia H. Rambo
                                          SYLVIA H. RAMBO
                                          United States District Judge

Dated: October 27, 2011.